UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. CODY, | ) | Civ. 05-04107-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HONORABLE GLEN A. SEVERSON; | ) | ORDER DISMISSING |
| HONORABLE DAVID GILBERTSON, | ) | PLAINTIFF'S CLAIMS |
| Chief Justice of South Dakota | ) | WITH PREJUDICE |
| Supreme Court; HONORABLE | ) | |
| RICHARD W. SABERS, Justice of | ) | |
| South Dakota Supreme Court; | ) | |
| HONORABLE JOHN K. KONENKAMP, | ) | |
| Justice of South Dakota Supreme | ) | |
| Court; HONORABLE STEVEN L. | ) | |
| ZINTER, Justice of South Dakota | ) | |
| Supreme Court; HONORABLE | ) | |
| JUDITH K. MEIERHENRY, Justice of | ) | |
| South Dakota Supreme Court, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, William R. Cody, moves for an order granting leave to proceed in forma pauperis in a § 1983 action against the Honorable Glen A Severson, the presiding judge of the Second Circuit Court of South Dakota; the Honorable David Gilbertson, Chief Justice of the South Dakota Supreme Court; the Honorable Richard W. Sabers, Justice of the South Dakota Supreme Court; the Honorable John K. Konenkamp, Justice of the South Dakota Supreme Court; the Honorable Steven L. Zinter, Justice of the South Dakota Supreme Court; and the Honorable Judith K. Meierhenry, Justice of

the South Dakota Supreme Court. The court denies Cody's motion and dismisses, with prejudice, the claims against all defendants.

## BACKGROUND

Cody, a prisoner incarcerated at the South Dakota State Penitentiary, attempted to file a complaint in the Second Circuit Court of South Dakota. In conjunction with this complaint, Cody moved to proceed in forma pauperis (also known as a motion to waive filing fee). Circuit Court Judge Severson denied Cody's motion to proceed in forma pauperis.

Cody attempted to file a notice of appeal seeking review of Judge Severson's order denying the motion to proceed in forma pauperis. The Clerk of Court for the Second Circuit Court informed Cody that no appeal would be docketed because the notice of appeal was deficient and no file existed for the case that Cody was attempting to appeal.

Cody applied to the South Dakota Supreme Court for a writ of mandamus ordering Judge Severson to grant Cody in forma pauperis status. The Supreme Court denied the application. Chief Justice Gilbertson and Justices Sabers, Konenkamp, Zinter, and Meierhenry all participated in the denial.

Cody then filed this § 1983 action in federal district court alleging that the denial of in forma pauperis status deprived him of rights guaranteed by the U.S. Constitution and the South Dakota Constitution. Cody seeks a

declaration that defendants' actions are unconstitutional, and an injunction compelling defendants to grant Cody in forma pauperis status.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), this court is obligated to screen a plaintiff's claims prior to granting in forma pauperis status. A § 1983 claim shall be dismissed if it is frivolous, malicious, fails to state a claim, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is acting pro se, the court will construe his pleadings liberally. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

In determining whether a complaint fails to state a claim, the court must accept the allegations in the complaint as true and "dismiss the case only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The court must resolve all factual conflicts in favor of the plaintiff. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003). "The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974), *overruled on*

*other grounds by* Davis v. Scherer, 468 U.S. 183, 190-91, 104 S. Ct. 3012, 3017, 82 L. Ed. 2d 139 (1984).

**DISCUSSION**

Cody's claims must be dismissed because: (I) absolute judicial immunity bars his claims for injunctive relief; and (II) the court lacks subject matter jurisdiction based upon the Rooker-Feldman doctrine.

**I.    Judicial Immunity**

Cody's claims seeking injunctive relief are barred by absolute judicial immunity. "'As a class, judges have long enjoyed a comparatively sweeping form of immunity . . . .'" Duffy v. Wolle, 123 F.3d 1026, 1034 (8th Cir. 1997) (quoting Forrester v. White, 484 U.S. 219, 225, 108 S. Ct. 538, 543, 98 L. Ed. 2d 555 (1988)). "A judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)), *cert. denied*, 541 U.S. 987, 124 S. Ct. 2014, 158 L. Ed. 2d 490 (2004).

The protection afforded by absolute judicial immunity is subject to two limitations. First, absolute immunity attaches only to judicial acts. Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir. 1994). "[J]udges enjoy absolute immunity when performing 'paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of the

4

court.'"  Duffy, 123 F.3d at 1034 (quoting Forrester, 484 U.S. at 228, 108 S. Ct. at 554, 98 L. Ed. 2d 555).  Two factors determine whether an act is judicial in nature: "whether it is a function normally performed by a judge" and "whether [the party] dealt with the judge in his judicial capacity."  Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099, 1107, 55 L. Ed. 2d 331 (1978).

Second, even if judicial in nature, absolute immunity will not protect actions taken "in the complete absence of all jurisdiction."  Duty, 42 F.3d at 462.  "A judge does not lose immunity for all judicial acts taken in excess of jurisdiction.  If that were the case, every appellate invalidation of an order based upon lack of jurisdiction would expose the trial judge to a suit for damages."  Penn, 335 F.3d at 789.  Rather, there must be absolutely no basis for the court's jurisdiction.  For immunity purposes, a judge's jurisdiction must be broadly construed.  Id. at 789.

In the case at bar, two particular acts are relevant: (A) Judge Severson's denial of the motion to proceed in forma pauperis; and (B) The South Dakota Supreme Court's denial of the application for writ of mandamus.

### A. Judge Severson's Denial of the Motion to Proceed In Forma Pauperis

Judge Severson's denial of Cody's motion to proceed in forma pauperis is protected by absolute judicial immunity because it satisfies both the judicial act and the jurisdictional elements.  Judge Severson's denial of the

5

motion was the quintessential judicial act. See Concepcion v. Cintron, 905 F. Supp. 57 (D.P.R. 1995). In Concepcion, the plaintiff filed suit under § 1983 against a Puerto Rico trial judge and the justices of the Puerto Rico Supreme Court. The plaintiff alleged that the judges violated his constitutional rights by denying him the right to proceed pro se.[1] In holding that ruling on the pro se status motion was a judicial act, and thus all defendants were entitled to judicial immunity, the court stated that "denial of [p]laintiff's self-representation constitutes a routine judicial act which falls within the confines of Defendant's adjudicative role, and jurisdiction." Id. at 61. Similarly, Judge Severson's order denying plaintiff in forma pauperis status was a routine, official judicial act. See also Schutterle v. United States, 74 F.3d 846, 848 n.6 (8th Cir. 1996) (holding that state court judge who dismissed plaintiff's appeal was entitled to absolute judicial immunity); White v. Bloom, 621 F.2d 276, 279-80 (8th Cir. 1980) (holding that trial judge's impaneling of the jury despite the defendant's absence from the courtroom and denial of motion to remove counsel were both judicial acts entitled to absolute judicial immunity). Finally, Cody's claims against Judge Severson rest exclusively on his denial of "permission to proceed in forma pauperis in

---

[1] Concepcion also asserted a claim against the state trial judge for wrongfully dismissing his in forma pauperis claim for lack of jurisdiction; however, the federal district court failed to discuss whether this order was protected by absolute judicial immunity.

South Dakota State Courts." (Docket 1). Thus, Judge Severson's denial was an official act of the court in an official order.

Additionally, Judge Severson was not acting in complete absence of jurisdiction. All South Dakota state courts, including circuit courts, have jurisdiction to rule on a motion seeking to proceed in forma pauperis in that court. See SDCL 16-2-29.2. Thus, Judge Severson's order denying Cody's motion to proceed in forma pauperis was not in clear absence of jurisdiction, and Judge Severson is entitled to the protection afforded by absolute judicial immunity.

### B. The South Dakota Supreme Court's Denial of the Application for Writ of Mandamus

Based on the legal principles discussed above, all of the remaining defendants are also entitled to absolute judicial immunity. An order denying an application for a writ of mandamus is a prototypical judicial act. See Schuman v. California, 584 F.2d 868, 869 (9th Cir. 1978) (per curiam) (holding trial judge who denied mandamus relief was entitled to absolute judicial immunity.) And SDCL 21-29-1 grants the Supreme Court jurisdiction to issue a writ of mandamus to any inferior tribunal. Thus, both the judicial act and the jurisdictional elements are satisfied.

Furthermore, the decision of the Eighth Circuit Court of Appeals in Isakson v. First Nat'l Bank, Sioux Falls, 985 F.2d 984 (8th Cir. 1993), compels this court to grant absolute judicial immunity to the Supreme Court

defendants.  In Isakson, the plaintiff filed a § 1983 claim against members of the South Dakota Supreme Court for denying an application for writ of mandamus.  The Eighth Circuit held that the defendants were entitled to absolute judicial immunity for their order denying the writ of mandamus.  Isakson is factually identical.  Accordingly, the remaining defendants are entitled to absolute judicial immunity for their denial of Cody's application for writ of mandamus.

      **C.**    **Defendants' Absolute Judicial Immunity Bars Cody's Claims for Damages and Injunctive Relief**

To the extent that Cody's complaint could be construed to assert a claim for damages, any such claim is barred by absolute judicial immunity and accordingly dismissed.  Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997); Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994) (citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)).

Additionally, absolute judicial immunity bars Cody's claims for injunctive relief against all defendants.  In 1996, Congress passed the Federal Courts Improvement Act of 1996 (FCIA), Pub. L. No. 104-317, 110 Stat. 3847, which amended § 1983 to expressly limit the availability of injunctive relief in the face of absolute judicial immunity.  As amended, § 1983 states that when an "action [is] brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Here, Cody is not entitled to injunctive relief because his complaint makes no allegations that any of the defendants violated a declaratory order or that declaratory relief is unavailable. Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (dismissing injunction claim because complaint failed to allege "violation of a declaratory decree, [or] the unavailability of declaratory relief"); Nollet v. Justices of the Trial Court of Com. of Mass., 83 F. Supp. 2d 204, 210 (D. Mass.), *aff'd*, 248 F.3d 1127 (1st Cir. 2000). Thus, Cody has failed to state a claim for injunctive relief.

Unlike monetary damages and injunctive relief, however, declaratory relief is not barred by absolute judicial immunity. See, e.g., Haas v. Wisconsin, 2004 WL 1799360, 109 Fed. Appx. 107, 114 n.8 (7th Cir. 2004); Brandon E. *ex rel.* Listenbee v. Reynolds, 201 F.3d 194, 197 (3d Cir. 2000). Thus, Cody's claim for declaratory relief survives defendants' absolute judicial immunity. As discussed below, however, all of Cody's claims are dismissed because the court lacks subject matter jurisdiction.

**II.    Dismissal for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(h)(3)[2] requires the court to dismiss a case whenever it lacks subject matter jurisdiction. Lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court sua sponte." Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993).

The Rooker-Feldman doctrine limits the subject matter jurisdiction of the court. Under the Rooker-Feldman doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Mosby v. Ligon, No. 04-2162, 2005 WL 1962293, at *3 (8th Cir. Aug. 17, 2005) (quoting Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003)). "Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing 28 U.S.C. § 1257). See also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)). "The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by the federal plaintiffs to undermine state court decisions." Lemonds, 222 F.3d at 492. "If the constitutional claims presented to a United

---

[2]Fed. R. Civ. P. 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." Feldman, 460 U.S. at 482, 103 S. Ct. at 1315, 75 L. Ed. 2d 206. "Federal claims are inextricably intertwined with the state court judgment if they 'succeed[ ] only to the extent that the state court wrongly decided the issue before it.'" Prince v. Ark. Bd. of Examiners in Psychology, 380 F.3d 337, 341 (8th Cir. 2004) (alteration in original) (quoting Lemonds, 222 F.3d at 492).

Recently, in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), the Supreme Court explained that the Rooker-Feldman doctrine bars federal courts from having cases brought by the losing party in state court proceedings alleging injury caused by state-court judgment and seeking review and rejection of that judgment. Id. at 1526. According to the Supreme Court, the Rooker-Feldman doctrine applies if three elements are satisfied: (1) The plaintiff in the federal case lost in state court; (2) The plaintiff was injured by a state-court judgment; and (3) The state-court judgment was rendered before the plaintiff commenced the federal suit. See id. at 1521-22.

The first Exxon element is satisfied because Cody lost in state court. Cody's state-court proceedings began when he filed the motion to proceed in forma pauperis before Judge Severson. Judge Severson denied this motion,

marking Cody's first loss in state court. Then Cody attempted to appeal Judge Severson's decision, but was unable to do so because there was no case on file. Nevertheless, Cody placed his case before the South Dakota Supreme Court through an application for a writ of mandamus. Once again, Cody lost in state court when the application was denied, thereby terminating the state-court proceedings with Cody losing at every stage.

The second element is also satisfied because Cody's alleged injury was caused solely by the state-court judgments denying him in forma pauperis status. Specifically, the complaint alleges that defendants denied Cody his constitutional right to access of the courts, to due process, and to equal protection of the law "[b]y denying Cody permission to proceed in forma pauperis in South Dakota State Courts, or allowing the denial to continue . . . ." (Docket 1). Cody is claiming that the state court judgments were erroneous and constitutionally deficient, and that the judgments harmed him. This is a prototypical situation where Rooker-Feldman applies. See id. at 1526.

The last element is also satisfied. On June 27, 2005, the South Dakota Supreme Court denied Cody's application for writ of mandamus, thereby terminating the state-court proceedings. (Docket 1, Ex. 18). And Cody did not file the complaint in this case until July 12, 2005. (Docket 1). Thus, all

12

relevant state-court judgments in question were rendered before Cody commenced the federal suit.

In short, this case presents a "'paradigm situation in which <u>Rooker-Feldman</u> precludes a federal district from proceeding'" because Cody wants the "federal court to undo" the South Dakota Supreme Court's final judgment. <u>Exxon</u>, 125 S. Ct. at 1527 (citation omitted). Though styled differently, Cody's application for writ of mandamus was, for all practical purposes, an appeal of Judge Severson's denial of in forma pauperis status. In his application, Cody sought a determination by the Supreme Court that denial of in forma pauperis status deprived him of his constitutional rights—the very same determination he seeks from this court.[3] Accordingly, any relief granted by this court requires a determination that the Supreme Court's judgment was erroneous.

This is an impermissible attempt to appeal a final judgment of the highest state court to the federal district court. "[I]f a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again. He must follow the appellate procedure through the state

---

[3]The court recognizes that Cody's state court application for writ of mandamus only alleges that Judge Severson violated the South Dakota State Constitution and that the complaint in this case also alleges violations of the U.S. Constitution. Because Cody <u>could have</u> raised his federal constitutional claims in the state court proceedings, this court in essence is being called upon to review a state court decision. <u>See</u> <u>Mosby</u>, No. 04-2162, 2005 WL 1962293, at #3 (<u>Rooker-Feldman</u> doctrine bars claims that could have been raised in state court proceedings).

courts and seek review before the Supreme Court."  <u>Prince</u>, 380 F.3d at 340.

Rather than filing a § 1983 claim, Cody must seek a writ of certiorari from the United States Supreme Court.  28 U.S.C. § 1257.  Accordingly, this court lacks subject matter jurisdiction and must dismiss all of Cody's claims.  It is hereby

ORDERED that all of Cody's claims against all defendants are dismissed with prejudice and his motion for leave to proceed in forma pauperis is denied.

Dated August 23, 2005.

BY THE COURT:


*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE